**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **ANDRE TAYLOR**<br>**SHAMAR GIVENS**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**CREWFORCE, LLC**<br>**SOLAR LANDSCAPE, LLC**<br><br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. _______________**<br><br>**CLASS, COLLECTIVE, AND INDIVIDUAL ACTION**<br><br>**JURY DEMANDED** |

---

## COMPLAINT

---

Plaintiffs Andre Taylor ("Taylor") and Shamar Givens ("Givens") (collectively "Plaintiffs") allege the following claims against Crewforce, LLC ("Crewforce") and Solar Landscape, LLC ("Solar Landscape") (collectively "Defendants"):

## NATURE OF THE CASE

1. This is a class and collective action seeking damages for failure to comply with the minimum wage and overtime requirements of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. ("FLSA"), the New Jersey State Wage and Hour Law ("NJSWHL"), N.J. Stat. Ann. § 34:11 56a *et. seq.*, the New Jersey Contentious Employe Protection Act N.J. Stat. Ann. § 34:19-3 *et. seq.* ("CEPA"), and the New Jersey Temporary Workers Bill of Rights, N.J. Stat. Ann. § 34:8D-1 *et. seq.*

2. This is also an individual action for violation of the New Jersey Contentious Protection Ac, N.J. Stat. Ann. § 34:19-1 *et. seq.*

3. Defendants repeatedly and systemically violated the aforementioned statutes by terminating Plaintiffs' employment because their protected concerns about safety conditions in the workplace, automatically deducting meal break time from employees' hours and pay, and failing to pay employees equal to other employees performing substantially similar work on the same jobsite.

## PARTIES

4. Plaintiff Andre Taylor is a resident of Essex County, New Jersey who resides at 777 Dr. Martin Luther King Jr. Blvd, Newark, NJ 07102.

5. Plaintiff Shamar Givens is a resident of Essex County, New Jersey who resides at 240 South Harrison Street, Apt, 1203, East Orange, NJ 07018.

6. Defendant Crewforce is a limited liability company organized under the laws of California with its principal place of business at 307 7th Avenue, Suite 1403, New York, NY 10001.

7. Defendant Solar Landscape is a limited liability company organized under the laws of New Jersey with its principal place of business at 601 Bangs Avenue, Asbury Park, New Jersey 07712.

8. Plaintiffs represent at least three groups of similarly situated employees of Defendants.

9. Plaintiffs represent a collective of similarly situated employees under the FLSA pursuant to 29 U.S.C. §216(b). This "FLSA Collective" is defined as:

> All current and former employees of Crewforce assigned to work at Solar Landscape for whom Defendants took automatic meal break deductions in the three years preceding this lawsuit to the present.

10. Plaintiffs represent a class of similarly situated employees under New Jersey law pursuant to Federal Rule of Civil Procedure 23. This "New Jersey Automatic Meal Break Class" is defined as:

> All current and former employees of Crewforce assigned to work at Solar Landscape for whom Defendants took automatic meal break deductions in the six years preceding this lawsuit to the present.

11. Plaintiffs represent a class of similarly situated employees under New Jersey law pursuant to Federal Rule of Civil Procedure 23. This "New Jersey Temp Worker Equal Pay Class" is defined as:

> All current and former employees of Crewforce assigned to work at Solar Landscape who were paid less than directly employed and jointly employed workers performing substantially similar work in the six years preceding this lawsuit to the present.

12. The New Jersey Automatic Meal Break Class and the New Jersey Temp Worker Equal Pay Class are collectively referenced herein as the "New Jersey Class," and the members of the New Jersey Class are referenced as Putative Class Members.

## JURISDICTION, AND VENUE

13. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C § 1331 and 28 U.S.C § 1367.

14. Venue is proper in this Court pursuant to 28 U.S.C § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

15. This Court has personal jurisdiction over Defendants because they employed Plaintiffs in this District.

## FACTS

16. Plaintiffs were engaged by Crewforce to work on a jobsite managed by Solar Landscape at 480 Frelinghuysen Ave in Newark, New Jersey.

17. Plaintiffs were engaged by Crewforce as temporary workers, even though Crewforce is not registered as a Temporary Help Services Firm with the New Jersey Division of Consumer Affairs.

18. Plaintiff Taylor began work for Crewforce at Solar Landscape on or about November 4, 2025.

19. Plaintiff Givens began work for Crewforce at Solar Landscape on or about November 4, 2025.

20. Plaintiffs were engaged as "builders" to build metal brackets for mounting solar panels on roofs.

21. There were hundreds of workers engaged on this jobsite for this purpose, and their work was directed by Solar Landscape's personnel. Some of the workers were engaged by Solar Landscape directly; some of the workers were engaged by Crewforce, and other workers were engaged by another temporary staffing agency called QLM. All of the workers were performing substantially equivalent work.

22. The workers engaged by Crewforce were making at least $5 per hour less than the workers engaged directly by Solar Landscape, as well as the workers that Solar Landscape jointly employed with QLM.

23. The workers engaged by Crewforce were not paid for the equivalent cost of benefits of the workers engaged by Solar Landscape, directly and/or jointly, who were performing substantially similar work.

24. The time of the Crewforce workers was recorded by signing a book at the entrance of the facility when they started work and when they ended work. The Crewforce workers did not sign in and out for meal breaks, or otherwise record the time for their meal breaks.

25. Despite the fact that the time for meal breaks was unrecorded, Crewforce automatically deducted for meal breaks for each shift that Plaintiffs worked.

26. Plaintiffs often did not receive their full uninterrupted meal break, since they were routinely required to perform tasks such as manually stacking pallets, emptying trash bind, or picking up cigarette butts outside during their break times.

27. Solar Landscape jointly employed the Crewforce and QLM temporary workers by jointly controlling their essential terms and conditions of employment, including their work assignment and direction, materials, tools and equipment, production expectations, quality expectations, hours, break times, and safety conditions.

28. Defendants required Plaintiffs to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

29. Plaintiffs both became concerned with safety conditions on the jobsite, and they jointly raised safety concerns, including but not limited to the following with Solar Landscape supervisory personnel:

a. Concerns about the lack of running water on the jobsite;

b. Concerns about certain employees not complying with the requirement to wear steel-toed shoes;

c. Concerns about workers bringing their children to the jobsite where the children were in proximity to moving forklifts and heavy objects;

d. Concerns about a solar panel that each worker had to walk past to get into the work area, that was leaning over on a broken pallet such that it could crush someone if it fell.

30. Solar Landscape's supervisory personnel were dismissive of the safety concerns raised by Plaintiffs.

31. On February 9, 2026, Plaintiffs raised their safety concerns with Solar Landscape supervisor Tim [last name unknown], and they specifically said that they intended to contact OSHA about their concerns.

32. On February 12, 2026 (before their next scheduled shift after the February 9 conversation with Tim), Plaintiffs were both discharged by Crewforce.

33. The pretextual reason offered by Crewforce for Plaintiffs' termination was productivity, even though Plaintiffs had not been given individual productivity goals (only worksite-wide goals), and Plaintiffs had never previously been warned, counseled, or written up for lack of productivity.

## CLASS AND COLLECTIVE ALLEGATIONS

34. Plaintiff realleges and incorporates by reference Paragraphs 1 through 33 as if fully stated herein.

35. The Putative Class Members were uniformly victimized by (1) Defendants' automatic meal break deduction policy and/or (2) Defendants' noncompliance with the equal pay requirements of the New Jersey Temp Worker Bill of Rights, which are willful violations of the FLSA, NJWHL, and NJWTA.

36. Other Putative Class Members worked with Plaintiffs and indicated they were paid in the same manner, performed similar work, and were subject to Defendants' same illegal pay policies.

37. Based on their experiences with Defendants, Plaintiffs are aware Defendants' illegal practices were imposed on the Putative Class Members.

38. The Putative Class Members are similarly situated in all relevant respects.

39. Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime pay.

40. Therefore, the specific job titles of the various members of the Putative Classes do not prevent class or collective treatment.

41. Rather, the Putative Classes are held together by (1) Defendant's automatic meal break deduction policy and/or (2) Defendants' noncompliance with the equal pay provisions of the New Jersey temp Worker Bill of Rights, both of which systematically deprived Plaintiff and the Putative Class Members of proper wages, including overtime pay.

42. The Putative Class Members are similarly denied "straight time" wages (at their agreed hourly rates) when they worked fewer than 40 hours in a workweek.

43. The Putative Class Members are similarly denied overtime wages at the proper premium rate for all overtime hours worked when they work more than 40 hours in a workweek.

44. The back wages owed to Plaintiffs and the Putative Class Members will be calculated using the same records and using the same formula.

45. Plaintiffs' experiences are therefore typical of the experiences of the Putative Class Members.

46. Plaintiffs have no interests contrary to, or in conflict with, the Putative Class Members that would prevent class or collective treatment.

47. Like each Putative Class Member, Plaintiffs have an interest in obtaining the unpaid wages owed under federal and/or state law.

48. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

49. Absent a class and collective action, many Putative Class Members will not obtain redress for their injuries, and Defendant will reap the unjust benefits of violating the FLSA, NJWHL, and NJWTA.

50. Further, even if some of the Putative Class Members could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.

51. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members, as well as provide judicial consistency.

52. The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

53. Among the common questions of law and fact are:

a. Whether Defendants engaged in a policy and practice of automatic time deductions for meal periods that were not bona fide , continuous, and uninterrupted in violation of the FLSA, NJWHL, and NJWTA;

b. Whether Defendants' automatic meal break deduction policy deprived Plaintiffs and the Putative Class Members of pay for time worked during meal periods that were not bona fide, continuous, and uninterrupted in violation of the FLSA, NJWHL, and NJWTA;

c. Whether Defendants failed to pay Plaintiffs and the Putative Class Members overtime compensation for all hours worked in excess of 40 hours in a workweek, including hours worked during missed and interrupted meal breaks, in violation of the FLSA, NJWHL, and NJWTA;

d. Whether Defendants failed to pay Plaintiffs and the New Jersey Class Members all wages earned at their agreed rates for all hours worked in violation of the NJWTA;

e. Whether Defendants knew, or had reason to know, Plaintiffs and the Putative Class Members were requested, suffered, permitted, or allowed to work during their unpaid meal breaks in violation of the FLSA, NJWHL, and NJWTA;

f. Whether Defendants failed to pay Plaintiffs equal wages for the same or substantially similar work as other employees of Defendants in violation of the pay equity requirements of the New Jersey Temp Worker Bill of Rights;

g. Whether Defendants' violations of the FLSA, NJWHL, and/or NJWTA resulted from a continuing course of conduct;

h. Whether Defendants' decision not to timely pay Plaintiffs and the Putative Class Members overtime wages and wages that comply with the New Jersey Temp Worker Bill of Rights was made in good faith;

i. Whether Defendants decision not to pay Plaintiffs and the New Jersey Class Members all wages earned for all hours worked was made in good faith ; and

j. Whether Defendant's violations of the FLSA, NJWHL, and/or NJWTA were willful.

54. Plaintiffs and the Putative Class Members sustained damages arising out of Defendants' illegal and uniform employment policies.

55. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

56. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Defendants' records, and there is no detraction from the common nucleus of liability facts. Therefore, the issue of damages does not preclude class or collective treatment.

**COUNT I: CONTIENTIOUS EMPLOYEE PROTECTION ACT**

57. Plaintiff realleges and incorporates by reference Paragraphs 1 through 56 as if fully stated herein.

58. Plaintiffs had a reasonable belief that the safety deficiencies at their worksite violated OSHA standards.

59. Plaintiffs raised their concerns about the safety conditions to Defendants' personnel and indicated that they were going to report to OSHA.

60. Within days of raising their concerns about the safety conditions, Plaintiffs' employment was terminated for a pretextual reason.

61. There is a causal connection between Plaintiffs' protected safety complaints and their discharge.

62. Plaintiffs' terminations violate the New Jersey Contentious Employe Protection Act, N.J. Stat. Ann. § 34:19-3.

63. As a result of Plaintiffs unlawful terminations in violation of the New Jersey Contentious Employe Protection Act, Plaintiffs have been damaged and are entitled to back pay, front pay, compensatory damages, punitive damages pre and post judgment interest, attorneys' fees, and costs.

**COUNT II: FAIR LABOR STANDARDS ACT**

64. Plaintiff realleges and incorporates by reference Paragraphs 1 through 63 as if fully stated herein.

65. At all relevant times, Defendants were an employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

66. At all relevant times, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(B).

67. At all relevant times, Defendants had an annual gross volume of sales made, or business done, of not less than $500,000 each year.

68. At all relevant times, Defendants had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or were produced for commerce.

69. At all relevant times, Plaintiffs and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce.

70. Defendants uniformly deducted from Plaintiff's and the FLSA Collective Members' wages for meal breaks, even when these employees did not actually receive bona fide, non-interrupted meal breaks.

71. Defendants know that Plaintiffs and FLSA Collective Members routinely performed work "off the clock" during their unpaid "meal breaks" because Defendant expected and required these employees to do so.

72. Defendants do not pay Plaintiffs and the FLSA Collective Members for this routine "off the clock" work, including those hours worked in excess of 40 hours in a workweek, in violation of the FLSA.

73. As a result, Defendant failed to pay Plaintiffs and the FLSA Collective Members for this compensable work, including overtime wages, in violation of the FLSA.

74. Defendant's automatic meal break deduction policy, which deprives Plaintiff and the FLSA Collective Members of overtime compensation for all

overtime hours worked during the weeks in which these employees work over 40 hours, is a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

75. Defendants violated, and is violating, the FLSA by failing to pay Plaintiff s and the FLSA Collective Members overtime wages at rates not less than 1.5 times these employees' regular rates of pay for all hours worked in excess of 40 in a single workweek, including hours worked "off the clock" during these employees' unpaid meal periods.

76. Plaintiffs and the FLSA Collective Members have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of wages owed for work that they performed and from which Defendants derived a direct and substantial benefit.

77. Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiffs and the FLSA Collective Members.

78. Defendants' failure to pay Plaintiffs and the FLSA Collective Members overtime compensation for all overtime hours worked was neither reasonable, nor was the decision not to pay these employees overtime compensation at the proper premium rate for all overtime hours worked made in good faith.

79. Accordingly, Plaintiffs and the FLSA Collective Members are entitled to recover their unpaid overtime wages under the FLSA in an amount equal to 1.5 times their regular hourly rates of pay, plus an equal amount as liquidated damages, and attorney's fees and costs.

## COUNT III: NJ TEMP WORKER BILL OF RIGHTS

80. Plaintiff realleges and incorporates by reference Paragraphs 1 through 79 as if fully stated herein.

81. Plaintiffs were paid less than the equivalent cost of pay and benefits for those workers performing substantially similar work on the same jobsite.

82. Plaintiffs and the New Jersey Temp Worker Equal Pay Class Members were temporary laborers supplied by a temporary help service firm to a third-party client in a designated classification placement.

83. The client, Solar Landscape, had one or more directly employed and/or jointly employed comparator employees performing the same or substantially similar work as Plaintiffs and the New Jersey Temp Worker Equal Pay Class Members, requiring equal skill, effort, and responsibility under similar working conditions at the time of assignment.

84. Plaintiffs and the New Jersey Temp Worker Equal Pay Class Members were paid less than the required average pay rate plus average benefit cost, or the proper cash equivalent after accounting for any benefits actually provided. N.J. Stat. Ann. § 34:8D-7; N.J. Admin. Code § 12:72-7.1; N.J. Admin. Code § 12:72-7.2.

85. Plaintiffs and the New Jersey Temp Worker Equal Pay Class Members are entitled to recover the difference between what they were actually paid and what they should have been paid under the New Jersey Temporary Workers Bill of Rights. N.J. Stat. Ann. § 34:8D-11.

86. The amounts owed to Plaintiffs and New Jersey Temp Worker Equal Pay Class Members are unpaid waged under the NJWTA, N.J.S.A. 34:11-4, et seq. for which Plaintiffs and New Jersey Temp Worker Equal Pay Class should recover unpaid "straight time" and overtime wages, plus liquidated damages in an amount equal to 200% of their unpaid wages, and attorney's fees and costs. See N.J.S.A. 34:11-4.10(c).

**COUNT IV: NEW JERSEY WAGE AND HOUR LAW VIOLATIONS**

87. Plaintiff realleges and incorporates by reference Paragraphs 1 through 86 as if fully stated herein.

88. At all relevant times, Defendants employed Plaintiffs and the New Jersey Class Members as "employees" within the meaning of the NJWHL. See N.J.S.A. 34:11-56a1(h).

89. Section 34:11-56a4 of the NJWHL requires employers, like Defendants, to pay employees, like Plaintiffs and the New Jersey Class Members, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked in excess of 40 hours in a workweek. See N.J.S.A. 34:11-56a4(b)(1).

90. Plaintiffs and the New Jersey Class Member are entitled to overtime pay under the NJWHL.

91. Defendants violated, and are violating, the NJWHL by failing to pay Plaintiffs and the New Jersey Class Members overtime wages for all hours worked in excess of 40 hours in a workweek, including time these employees work during their unpaid "meal breaks." See N.J.S.A. 34:11-56a4(b)(1).

92. Defendants violated, and are violating, the NJWHL by failing to pay Plaintiffs and the New Jersey Class Members in accordance with the New Jersey Temp Worker Bill of Rights, by failing to pay them equally to comparator employees performing the same or substantially similar work.

93. Plaintiffs and the New Jersey Class Members have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of wages owed for work that they performed and from which Defendants derived a direct and substantial benefit.

94. Defendants knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiffs and the New Jersey Class Members premium overtime compensation for all overtime hours worked, and failing to pay them in accordance with the New Jersey Temp Worker Bill of Rights.

95. Defendant's failure to pay Plaintiffs and the New Jersey Class Members overtime compensation for all overtime hours worked, and their failure to pay Plaintiffs and the New Jersey Class Members in accordance with the New Jersey Temp Worker Bill of Rights was neither reasonable, nor was the decision not to pay these employees overtime compensation at the proper premium rate for all overtime hours worked made in good faith.

96. Accordingly, Plaintiffs and the New Jersey Class Members are entitled to recover their unpaid overtime wages in an amount equal to 1.5 times their regular hourly rates of pay, liquidated damages in an amount equal to 200% of their unpaid wages, and attorney's fees and costs. See N.J.S.A. 34:11-56a25.

**COUNT V: FAILURE TO PAY ALL WAGES EARNED UNDER THE NJWTA**

97. Plaintiff realleges and incorporates by reference Paragraphs 1 through 96 as if fully stated herein.

98. Plaintiffs bring their NJWTA claims as a class action on behalf of themselves and the New Jersey Class Members pursuant to F ED. R. CIV. P. 23.

99. The conduct alleged violates the NJWTA, N.J.S.A. 34:11-4, et seq.

100. At all relevant times, Defendants were "employers" within the meaning of, and subject to the requirements of, the NJWTA. See N.J.S.A. 34:11-4.1(a).

101. At all relevant times, Defendants employed Plaintiffs and the New Jersey Class Members as "employees" within the meaning of the NJWTA. See N.J.S.A. 34:11-4.1(b).

102. The NJWTA requires employers, like Defendants, to pay employees, like Plaintiffs and the New Jersey Class Members, all wages (including overtime wages) earned, due, and owing to them on their regular payday. See N.J.S.A. 34:11-4.2. 156.

103. During the course of their employment, Defendants agreed to pay Plaintiffs and each New Jersey Class Member "wages" – within the meaning of the NJWTA, see N.J.S.A. 34:11-4.1(c) – including hourly rates for all hours they worked under and up to 40 hours in a workweek, as well as overtime rates for all hours they worked in excess of 40 hours in a workweek.

104. Plaintiffs and each New Jersey Class Member accepted Defendants' offer.

105. But during the course of their employment, Defendants failed to pay Plaintiffs and the New Jersey Class Members all wages earned for all time they worked at the rates Defendant agreed to pay them because Defendants automatically deducted time for meal breaks.

106. Defendants also failed to pay Plaintiffs and the New Jersey Class Members the wages required by the pay equity provisions of the New Jersey Temp Worker Bill of Rights.

107. As a result of Defendants illegal automatic meal break deduction policy and its failure to pay wages required by the pay equity provisions of the New Jersey Temp Worker Bill of Rights, Plaintiffs and the New Jersey Class Member have been deprived of all "wages" earned, due, and owed to them. See N.J.S.A. 34:11-4.1(c).

108. The wages Defendants owes to Plaintiffs and the New Jersey Class Members remain unpaid.

109. Plaintiff and the New Jersey Class Members have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of wages owed for work that they performed and from which Defendants derived a direct and substantial benefit.

110. Defendants knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiffs and the New Jersey Class Members all wages earned (including premium overtime wages) for all hours worked.

111. Defendants' failure to pay Plaintiffs and the New Jersey Class Members all wages earned at the rates Defendants agreed to pay them was neither reasonable, nor was the decision not to pay these employees all wages earned at the rates Defendants agreed to pay them made in good faith.

112. Accordingly, Plaintiffs and the New Jersey Class Members are entitled to recover their unpaid "straight time" and overtime wages, plus liquidated damages in an amount equal to 200% of their unpaid wages, and attorney's fees and costs. See N.J.S.A. 34:11-4.10(c).

**JURY DEMAND**

113. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs individually and on behalf of the FLSA Collective and New Jersey Class Members pray for the following relief:

1. Judgment against Defendants in favor of Plaintiffs for back pay, front pay, compensatory damages, punitive damages, pre and post judgment interest, attorneys' fees and costs for Defendants' violations of the New Jersey Contentious Employee Protection Act.
2. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all FLSA Collective Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);
3. An Order designating this lawsuit as a class action pursuant to FED. R. CIV. P. 23;
4. An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid overtime wages due to Plaintiffs and the FLSA Collective Members, plus liquidated damages in an amount equal to their unpaid compensation;
5. An Order finding Defendants liable for unpaid overtime wages owed to Plaintiffs and the New Jersey Class Members under the NJWHL, plus liquidated damages in an amount equal to 200% of their unpaid wages;
6. An Order finding Defendants liable for unpaid "straight time" and overtime wages owed to Plaintiffs and the New Jersey Class Members under the NJWTA, plus liquidated damages in an amount equal to 200% of their unpaid wages;
7. Judgment awarding Plaintiff and the Putative Class Members all unpaid compensation and other damages available under the FLSA, NJWHL, and NJWTA;
8. An Order awarding attorney's fees, costs, and expenses;
9. Pre- and post-judgment interest at the highest applicable rates; and
10. Such other and further relief as may be necessary and appropriate.

This 26th day of March 2026.

Respectfully submitted,

/s/ Ben H. Bodzy
Ben H. Bodzy (NJ Bar No. 558412025)
BODZY LAW PLLC
200 Connell Drive
Berkely Heights, NJ 07922
(888) 215-6060 (phone)
bbodzy@bodzylaw.com

*Counsel for Plaintiffs*